THOMAS ANDERSON, as Executor, etc., of JOHN ANDER-
SON, Deceased, Respondent, *v.* BARBARA GOLDSMIDT,
Substituted as Defendant, Appellant.

*Policy of life insurance — assignability of one taken on the life of a husband for the
benefit of the wife* — 1879, *chap.* 248 — *the consent of the husband is shown by his
joining in the assignment.*

Under chapter 248 of 1879 all policies of insurance issued within this State upon
the lives of husbands for the benefit and use of their wives, are, with the
written consent of the husband, assignable by the wife, as well when the wife
has children as when she has not.

The law does not provide any form of consent by the husband except that it be
in writing, and it is sufficiently shown by his joining with his wife in the
assignment of the policy.

APPEAL from a judgment in favor of the plaintiff, entered upon
the decision of the court, on a trial at Special Term without a jury.

The action was brought against the Germania Life Insurance Com-
pany of New York to recover $1,000, the amount of an endow-
ment policy issued by the defendant upon the life of one Joseph
Goldsmidt, for the benefit of his wife Barbara Goldsmidt.

The policy by its terms became due and payable May 31, 1885.
On the 15th day of February, 1881, Joseph Goldsmidt and Barbara
Goldsmidt, by an instrument in writing assigned the policy to one
John Anderson, plaintiff's testator, as security for the repayment of
a loan of $800 made to the assignors. Before answering, on defend-
ant's application it was permitted to pay into court the amount
claimed, with interest, and Barbara Goldsmidt, one of the assignors
of the policy, was duly substituted as defendant in the action. Her
answer sets up the defenses that the assignment of the policy is
void, and that after February 15, 1881 (the date of the assignment
of the policy), and in the lifetime of plaintiff's testator, the loan of
$800 was, with all arrearages of interest thereon, fully repaid.

*James D. Bell,* for the appellant.

*Daniel Nemirs,* for the respondent.

BARNARD, P. J.:

The Germania Life Insurance Company, on the 31st of May, 1870, issued an endowment policy for $1,000 in favor of Barbara Goldsmidt, on the life of Joseph Goldsmidt, her husband, payable on May 1, 1885, "for the sole use of the said Barbara Goldsmidt."

The policy provided further, that in case Barbara Goldsmidt should die before the determination of the policy, the amount insured should be paid to her children. Both husband and wife survived the termination of the policy. Barbara Goldsmidt had children living on the 15th of February, 1881, and on that day, by written assignment, transferred the policy in question to the plaintiff's testator to secure a loan of $800.

Her husband joined with her in the transfer and gave no other written consent to the assignment of the policy by the wife to Anderson. The policy was assignable. It was held before 1870 that such a policy was non-assignable. Chapter 821, Laws of 1873, permitted a wife who had no children to assign. Chapter 248, Laws of 1879, permitted the assignment of "all policies * * * upon the lives of husbands for the benefit and use of their wives" with the written consent of the husband. This act was designed to put assignability upon the policies as well when the wife had children as when she had none. The words of the act contained no limitation upon the power. It is to be remembered that both these laws were passed to remove what was felt to be a hardship. Poor people with policies which had value could not use this value made by themselves in case of need.

There was no necessity for the law of 1879 if the law of 1870 was not to be enlarged in accordance with its plain language. The written consent is sufficiently proven. The husband joined with his wife in the conveyance, and no stronger consent to the conveyance could be given. The law does not provide any form of consent except that it be in writing.

The other defense, that the loan was paid, was not made out. The proof given tending to establish it lacked precision in date and amount. It was entirely overthrown by proof of promise to pay the interest on the entire debt after the alleged payment; by proof that the part of the payment in groceries was unfounded, and by actual proof of the regular payment of the interest on the entire

loan both by husband and wife after the payment as claimed. The finding of the trial court on this point is abundantly sustained.

The judgment should therefore be affirmed, with costs.

DYKMAN, J., concurred.

Judgment affirmed, with costs.